468    APPELLATE COURTS OF ILLINOIS.

Wilkening v. Alton Baking & Catering Co., 165 Ill. App. 468.

## George J. T. Wilkening, Appellee, v. Alton Baking & Catering Company, Appellant.

1. APPEALS AND ERRORS—*effect of failure to file brief.* If the appellee fail to file a brief the Appellate Court of the 4th District is authorized by virtue of its rules *pro forma* to reverse and remand.

2. VERDICTS—*when set aside as against the evidence.* A verdict will be set aside on review where the Appellate Court finds that it is clearly and manifestly against the weight of the evidence.

Action in case for personal injuries. Appeal from the City Court of Alton; the Hon. JAMES E. DUNNEGAN, Judge, presiding. Heard in this court at the March term, 1911. Reversed and remanded. Opinion filed November 11, 1911.

WISE, KEEFE & WHEELER, for appellant.

No appearance for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee brought suit and recovered a judgment against appellant for damages resulting from injuries received by him while working at a kneading machine in appellant's bakery in Alton.

The charge in the amended declaration, upon which the case was tried, was that at the time of the injury, appellant was operating a bakery in which there was a dough-rolling machine operated by steam, electricity or other power in a room in which there was a concrete floor, upon which said machine was' placed; that at the time of constructing the floor appellant left imbedded therein, certain wooden strips or sills, and carelessly and negligently allowed the same to remain in said floor; that said sills became covered with flour, bits of dough, paste and grease which fell thereon from said machine and made them dangerous in that they became smooth and slippery to walk, stand or work upon; that appellant failed to place proper guards

or covers over the cylinders or rollers of said dough rolling machine to protect its employe working thereat; that while appellee, acting in the line of his duty with all due care, was gathering up dough from the platform of said machine, feeding it back into the cylinders, he was, by reason of the slippery and unsafe condition of the floor and said wooden strips or sills, thrown forward with great force and violence against said machine and his left hand coming in contact with said cylinders or rollers which were then in full motion, was lacerated and permanently injured.

Appellee has failed to file a brief in this case and therefore, under the rules of the court, it is our duty to reverse the judgment of the trial court unless, on an examination of the record, we deem it proper to decide the case upon its merits. Under this rule we have concluded to examine the record in the case and from such examination have determined that the judgment must be reversed and the cause remanded upon its merits.

The charge in the declaration is that appellee slipped by reason of the slippery and unsafe condition of the floor and certain wooden strips or sills, which appellant had carelessly and negligently allowed to remain imbedded therein, and was in consequence thereof, thrown against the machine; and it appeared from his testimony and that of his brother that he complained of a board about thirty inches long and 4 to 8 inches wide, which had become slippery and was located under the center of the machine, at which he was working. The overwhelming weight of the testimony was that the floor on which he was standing, was concrete and that at the sides of this concrete, which was 21 inches wide, there were boards but that in the middle where the operator of the machine stood, while at work, there was no board whatever. In this condition of the proofs, plaintiff was not entitled to recover and the judgment must therefore be reversed and the cause remanded.

*Reversed and remanded.*